IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE SKOLNIK,

      Plaintiff,

v.

FRIENDSHIP RIDGE,

      Defendant.

14cv0507
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 10)

## I. Introduction

This case centers on alleged age discrimination in an employment action in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. Doc. No. 1. Plaintiff, Stephanie Skolnik, alleges that she was discharged from her employment with Friendship Ridge ("Defendant"), a geriatric care center, because of her age, under the guise of poor performance. Id. Plaintiff seeks relief including reinstatement, back and front pay, monetary damages, and an "injunction to prevent future discriminatory employment practices." Id. at ¶ 50.

Presently before this Court is a Motion to Dismiss filed by Defendant. Doc. No. 10. Defendant moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny Plaintiff's request for injunctive relief. Id. Plaintiff opposes this Motion to the extent that Defendant seeks dismissal of the Complaint. Doc. No. 13. Plaintiff states that she is not seeking injunctive relief and therefore does not oppose this portion of

Defendant's Motion. After review of the Motion and associated filings, the Court will deny Defendant's Motion to Dismiss to the extent that it seeks dismissal of Plaintiff's Complaint.[1]

## II. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the

---

[1] The Court's scheduling order for this Motion provided that Defendant file a Reply brief on or before September 23, 2014. 09/09/2014 Text Order. Defendant has filed a Notice that it does not intend to file a reply brief. Doc. No. 14.

framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Statement of Facts

The facts of this case, taken as true solely for the purposes of this Memorandum Order, are:

Plaintiff is over fifty (50) years old. Doc. No. 1, ¶ 5. She began working for Friendship Ridge in 1998. Id. at ¶ 6. Plaintiff worked in several positions until 2004, when she began working as a nurse's aide. Id. at ¶¶ 7-10. Beginning in 2004, Plaintiff was subject to written and verbal discipline by Registered Nurse, Judy McClune, based on unsubstantiated complaints from a fellow nurse's aide. Id. at ¶¶ 11, 12. Plaintiff was the oldest nurse's aide during this time period. Id. at ¶ 43. Younger employees who violated policy and/or had performance issues were not similarly disciplined. Id. at ¶¶ 13, 34.

On or about November 25, 2010, in an attempt to subdue a disruptive patient, Plaintiff placed her finger on the patient's mouth and whispered in the patient's ear. Id. at ¶¶ 23-24. This

action was consistent with Plaintiff's training and did not violate any policy. Id. at ¶¶ 28-29. Plaintiff was questioned by the Unit Director, Julie Dobish, after this incident. Id. at ¶ 30. Plaintiff was accused of patient misconduct for placing her hand over a patient's mouth and screaming in the patient's ear. Id. at ¶ 14. Plaintiff was suspended on November 27, 2010 for alleged patient abuse. Id. at ¶ 33. Plaintiff was discharged on December 10, 2010 for patient abuse. Id. at ¶ 35. This actions were taken because of Plaintiff's age. Id. at ¶ 38.

Defendant replaced older nurses with substantially younger nurses based on false allegations of poor performance. Id. at ¶ 45. Defendant hired substantially younger nurse's aides shortly before Plaintiff was terminated. Id. at ¶ 44. Plaintiff was replaced by a substantially younger individual with less experience. Id. at ¶ 42.

**IV.    Discussion**

Defendant moves this Court to dismiss Plaintiff's Complaint in its entirety for failure to state a *prima facie* case under the ADEA. Doc. No. 10. Defendant contends that Plaintiff's claims are mere conclusions without factual support. The Court finds that Plaintiff has pled sufficient facts to establish the who, what, where, and when of the alleged age discrimination necessary under the lenient motion to dismiss standard of review. Specifically, taken as true, Plaintiff has set forth that: Defendants had a pattern of dismissing older individuals without cause; Plaintiff was the oldest nurse's aide in her unit; she was disciplined for an action that was in conformance with Defendant's training and policies; other younger individuals were not disciplined for violations; Plaintiff was terminated; and Plaintiff was replaced with a younger individual. Although sparsely pled, these allegations are sufficient at this early stage.

Defendant also moves this Court to dismiss Plaintiff's requested injunctive relief for lack of standing. Defendant contends that Plaintiff lacks standing to request this relief because she is

4

not employed by Defendant. As previously noted, Plaintiff does not oppose this portion of Defendant's Motion.

**V.     Order**

AND NOW, this 24th day of September, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**. Defendant's Motion to dismiss Plaintiff's claim for injunctive relief is **GRANTED**. Plaintiff's claim for injunctive relief is **DISMISSED without opposition**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties